IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| ELEMENTAL TOOLS, L.L.C.,<br>a Virginia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>IRON BRIDGE TOOLS, INC.,<br>a Florida Corporation,<br><br>SERVE:<br>Secretary of the Commonwealth<br>Commonwealth of Virginia<br>Old Finance Building<br>Capitol Square<br>Richmond, VA 23219<br><br>and<br><br>HOME DEPOT U.S.A., INC.<br><br>SERVE:<br>Corporation Service Company,<br>Registered Agent<br>11 S. 12th Street<br>Richmond, VA 23218<br><br>Defendants. | Civil Action No.  1:11cv30 (AJT/TRJ)<br><br><u>JURY TRIAL DEMANDED</u> |



### COMPLAINT

Plaintiff, Elemental Tools, LLC (hereinafter "Elemental") for its complaint against Defendants Iron Bridge Tools, Inc. (hereinafter "Iron Bridge") and Home Depot U.S.A., Inc. (hereinafter "Home Depot") respectfully states as follows:

#### The Parties

1. Elemental is a limited liability company formed under the laws of the Commonwealth of Virginia. Elemental maintains its principal place of business in Richmond,

Virginia in this District and Division. Elemental also sells products covered by the Barber Utility Patent and the Barber Design Patent from its offices in Richmond, Virginia, in this District and Division.

2. Elemental is the assignee of the entire right, title and interest in United States Patent No. 6,233,372 (the "Barber Utility Patent"), entitled "Combination Carabiner and Tool Device." The issue date of the Barber Utility Patent was May 1, 2001. Elemental received an assignment of the Barber Utility Patent on or about August 2, 2001.

3. Elemental is the assignee of the entire right, title and interest in United States Patent No. D484,770-S (the "Barber Design Patent"), entitled "Carabiner Knife." The issue date of the Barber Design Patent was January 6, 2004. Elemental received an assignment of the Barber Design Patent on May 14, 2007.

4. The Barber Design Patent and the Barber Utility Patent are collectively referred to herein as the "Barber Patents."

5. Iron Bridge is a Florida corporation and lists its principal address with the Florida Department of State as c/o Infante, Zumpano, Hudson & Miloch, LLC, 500 S. Dixie Hwy, STE 302, Coral Gables, FL 33146. Iron Bridge imports and sells, among other things, a HUSKY carabiner knife and a HUSKY mini carabiner knife which it sells and distributes through Home Depot Stores (the "HUSKY Infringing Products"). Iron Bridge also imports and sells other carabiner/knife combination tools with a knife blade or utility knife blade folding into or out of a carabiner body which, together with the HUSKY Infringing Products are referred to herein as the "Iron Bridge Infringing Products."

6. Home Depot is a Delaware corporation, having a principal place of business at 2455 Paces Ferry Road, SE, Atlanta, GA 30339, and a retailer of tools and home improvement

and construction products and services in fifty (50) states. Home Depot has dozens of stores selling the HUSKY Infringing Products, the other Iron Bridge Infringing Products, and infringing products from other suppliers and manufacturers located in this District and Division.

### Nature of the Action

7. This is a civil action for patent infringement arising under the Patent Laws of the United States and, more particularly, under 35 U.S.C. §§ 271, 281, 283, 284 and 285.

### Jurisdiction and Venue

8. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Elemental is the assignee of the entire right, title and interest in the Barber Design Patent and the Barber Utility Patent and therefore has standing to sue for infringement.

10. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), and Local Rule 3.

11. Elemental is a Virginia limited liability company residing within and having its sole place of business within this District and Division.

12. Home Depot is subject to personal jurisdiction in the Eastern District of Virginia and is committing acts of infringement within this district and division. Home Depot regularly transacts business in this judicial District and Division by, among other things, offering its services and contracting to supply services and goods via the Internet (www.homedepot.com) and through retail stores in this District and Division. Many of Home Depot's stores in this District and Division sell the Husky Infringing Products, the other Iron Bridge Infringing Products, and additional infringing carabiner/knife combination products sold by other manufacturers.

13. Home Depot's unauthorized offer for sale and sale of Infringing Products which embody the claimed inventions in one or more claims of the Barber Utility Patent and the design of one or claims of the Barber Design Patent through retail stores in this District and Division are without authority and infringe those patents in violation of 35 U.S.C. § 271.

14. Iron Bridge is subject to personal jurisdiction in the Eastern District of Virginia and is committing acts of infringement within this District and Division. Iron Bridge has contracted to sell and has sold the Iron Bridge Infringing Products to Home Depot, which has offered Infringing Products over the Internet and through retail stores in this District and Division. Iron Bridge supplied Home Depot and other retailers with the Iron Bridge Infringing products knowing and intending that it would cause them to make infringing sales in this District and Division. Moreover, Iron Bridge has caused Elemental tortious injury and lost sales in this District and Division through Iron Bridge's sales made inside and outside of this District and Division.

## Statement of Facts

*Elemental's Patents*

15. The Barber Utility Patent was duly issued to Mr. Launce Barber, the sole inventor of the subject matter claimed therein, on May 1, 2001.

16. On or about August 2, 2001, Mr. Barber assigned his entire right, title and interest in the Barber Utility Patent to Elemental, a company involved in marketing unique knife concepts to leading knife manufacturers, in which Mr. Barber is the sole member.

17. The Barber Design Patent was duly issued on January 6, 2004.

18. On or about May 14, 2007, the entire right, title and interest in the Barber Design Patent was assigned to Elemental pursuant to a January 2006 agreement.

### *Iron Bridge's Infringement*

19. Iron Bridge has infringed and willfully infringed the Barber Patents and continues to infringe and willfully infringe the Barber Patents through direct infringement and infringement by inducement in violation of 35 U.S.C. §§ 271(a) and 271(b).

20. Iron Bridge has infringed and willfully infringed the Barber Patents and continues to infringe and willfully infringe one or more claims of the Barber Patents in violation of 35 U.S.C. § 271(a) by causing the manufacture of, and by importing, offering to sell, and selling, without authority, by itself or through its agents, the Iron Bridge Infringing Products which embody the claimed inventions and designs described in the Barber Patents.

21. Iron Bridge has infringed and willfully infringed the Barber Patents and continues to infringe and willfully infringe the Barber Patents in violation of 35 U.S.C. § 271(b) by importing and then supplying the Iron Bridge Infringing Products which embody the inventions and designs claimed in the Barber Patents to Home Depot and to other retailers selling the Iron Bridge Infringing Products in this District and Division and throughout the United States.

22. Iron Bridge's infringement of the Barber Patents has caused and will continue to cause Elemental substantial and irreparable injury, for which there is no adequate remedy at law. Therefore, Elemental is entitled to injunctive relief and damages adequate to compensate it for Iron Bridge's infringement and willful infringement, including but not limited to a reasonable royalty of eighteen percent of Iron Bridge's sales, trebled due to the willfulness of Iron Bridge's infringement and misconduct.

23. In addition or in the alternative, Elemental is entitled to recover the wrongful profits earned by Iron Bridge from its infringing conduct, trebled due to the willfulness of Iron Bridge's infringement and misconduct.

24. Iron Bridge was informed of the Barber Utility Patent by letter dated April 13, 2009 and, on information and belief, Iron Bridge informed Home Depot of the Barber Utility Patent at that time. Iron Bridge and Home Depot were again informed of the Barber Utility Patent by letter dated April 19, 2010. Despite their actual notice of the Barber Utility Patent, Iron Bridge and Home Depot have willfully and maliciously continued to sell the Iron Bridge Infringing Products without authorization since that time.

25. This is an exceptional case of willful infringement by Iron Bridge and Home Depot, such that both of them are liable to pay Elemental's attorneys' fees and costs and both of them are liable for three times Elemental's actual damages or three times each Defendant's wrongful profits from the sale of the Iron Bridge Infringing Products.

*Home Depot's Infringement*

26. Home Depot has infringed and willfully infringed Barber Patents and continues to infringe and willfully infringe the Barber Patents through direct infringement and infringement by inducement in violation of 35 U.S.C. §§ 271(a) and 271(b).

27. Home Depot has infringed and willfully infringed the Barber Patents and continues to infringe and willfully infringe the Barber Patents in violation of 35 U.S.C. § 271(a) and (b) by offering to sell, selling, and supplying to consumers for use, without authority, by itself or through its agents, Iron Bridge Infringing Products and other suppliers' infringing combination carabiner/knife products which embody the claimed inventions and designs described in the Barber Patents.

28. Home Depot's infringement and willful infringement of the Barber Patents has caused and will continue to cause Elemental substantial and irreparable injury, for which Elemental has no adequate remedy at law. Therefore, Elemental is entitled to injunctive relief

and to damages adequate to compensate it for Home Depot's infringement and willful infringement, including but not limited to a reasonable royalty of eighteen percent of Home Depot's retail sales, trebled due to the willfulness of Home Depot's infringement and misconduct.

29. In addition or in the alternative, Elemental is entitled to recover the wrongful profits earned by Home Depot from its infringing conduct, trebled due to the willfulness of Home Depot's infringement and misconduct.

30. Iron Bridge was informed of the Barber Utility Patent by letter dated April 13, 2009 and, on information and belief, Iron Bridge informed Home Depot of the Barber Utility Patent at that time. Iron Bridge and Home Depot were again informed of the Barber Utility Patent by letter dated April 19, 2010. Despite their actual notice of the Barber Utility Patent, Iron Bridge and Home Depot have willfully and maliciously continued to sell the Iron Bridge Infringing Products, and Home Depot has also sold other suppliers' infringing products without authorization since that time.

31. This is an exceptional case of willful infringement by Iron Bridge and Home Depot, such that both of them are liable to pay Elemental's attorneys' fees and costs and both of them are liable for three times Elemental's actual damages or three times each Defendant's wrongful profits from the sale of the infringing products.

## PRAYER FOR RELIEF

**WHEREFORE**, Elemental prays for judgment as follows:

A. That this Court adjudge and decree that the Barber Patents are valid, and not invalid, and are enforceable against Iron Bridge;

B. That this Court adjudge and decree that the Barber Patents are valid, and not invalid, and are enforceable against Home Depot;

C. That this Court adjudge and decree that Defendant Iron Bridge has infringed the Barber Patents;

D. That this Court adjudge and decree that Defendant Home Depot has infringed the Barber Patents;

E. That this Court permanently enjoin Iron Bridge, its officers, directors, agents, employees, successors, assigns and representatives and those persons acting in association or in concert with Iron Bridge from infringing the Barber Patents;

F. That this Court permanently enjoin Iron Bridge, its officers, directors, agents, employees, successors, assigns and representatives and those persons acting in association or in concert with Iron Bridge from infringing the Barber Patents;

G. That this Court permanently enjoin Home Depot, its officers, directors, agents, employees, successors, assigns and representatives and those persons acting in association or in concert with Home Depot from infringing the Barber Patents;

H. That this Court order an accounting to determine the damages to be awarded to Elemental as a result of Iron Bridge's infringement of the Barber Patents;

I. That this Court order an accounting to determine the damages to be awarded to Elemental as a result of Home Depot's infringement of the Barber Patents;

J. That this Court enter an award to Elemental of such damages in an amount adequate to compensate Elemental for Iron Bridge's infringement of the Barber Patents;

K. That this Court enter an award to Elemental of such damages in an amount adequate to compensate Elemental for Home Depot's infringement of the Barber Patents;

L.  That this Court enter an award of treble damages to Elemental pursuant to 35 U.S.C. § 284 for Iron Bridge's willful infringement;

M.  That this Court enter an award of treble damages to Elemental pursuant to 35 U.S.C. § 284 for Home Depot's willful infringement;

N.  That this Court award attorney's fees to Elemental pursuant to 35 U.S.C. § 285; and,

O.  That this Court award costs and any other such relief that this Court deems just and equitable.

Dated: January 10, 2011.                    Respectfully Submitted,

Elemental Tools, L.L.C.,

By Counsel

_____
Michael C. Whitticar (VSB No. 32968)
NOVA IP Law, PLLC
Street Address: 10890 George Mason Circle, Bull Run Hall #147
Mailing Address: 10900 University Boulevard, MS 1J2
Manassas, Virginia 20110
Telephone: (571)334-2671
novaiplaw@gmail.com
*Counsel for Plaintiff*