UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ELEMENTAL TOOLS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CL No. 1:11cv30 (AJT/TRJ) |
| | ) | |
| | ) | |
| IRON BRIDGE TOOLS, INC. and | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT THE HOME DEPOT, INC.'S
MOTION TO SET ASIDE ENTRY OF DEFAULT AND
<u>FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT</u>**

Defendant, THE HOME DEPOT, INC. ("Home Depot"), pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, hereby files this Motion to Set Aside Entry of Default and For Extension of Time to Respond to the Complaint, and in support thereof states as follows.

**I.    Statement of Facts**

On January 10, 2011, Elemental Tools, LLC ("Plaintiff") filed a complaint for patent infringement against Iron Bridge Tools, Inc. ("Iron Bridge") and Home Depot (jointly, "Defendants"). The Complaint alleges that a product supplied by Iron Bridge to Home Depot and sold by Home Depot to the public infringes the patent rights of Plaintiff ("Complaint"). Home Depot was served with process on February 4, 2011; its answer was due on February 25, 2011. Home Depot did not respond to the Complaint by February 25, 2011. On February 28, 2011, Plaintiff filed a Motion for Clerk's Entry of Default. On March 1, 2011, the Clerk of Court entered the default of Home Depot.

**II.     Argument**

   a. Standard of Review

Rule 55(c) states that "[t]he court may set aside the entry of default for good cause…" Fed.R.Civ.P. 55(c). The "good cause" standard refers to good cause justifying the court's decision to set aside default, not good cause for the defendant's mistake. *See Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). It is a standard that is applied generously, and more liberally where only a default (as opposed to a default judgment) has been entered. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 635, 630-31 (7th Cir. 2009); *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008); *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D.Va. 1977). Motions to set aside entry of default are "frequently granted" and good cause generally found where "the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." *Id*. (quoting 10A Wright, Miller & Kane § 2696). The Fourth Circuit has held that "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry and Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir.1967).

   b. There is good cause to justify setting aside the entry of default against Home Depot.

When Home Depot learned about the Complaint, it promptly engaged in conversation with Iron Bridge's counsel regarding the possibility of a joint representation, given that Defendants have common interests in this case. However, there was a misunderstanding about who would represent Home Depot in these proceedings. As a result, the answer due date passed without an appearance by counsel on behalf of Home Depot. The oversight was a good faith

2

mistake which should not be held against Home Depot.  Home Depot's failure to respond to the Complaint by February 28, 2011 was not willful, and is by no means an indication that Home Depot does not have a meritorious defense.  On the contrary, Home Depot intends to vigorously defend this lawsuit and has acted swiftly to remedy the default.  Only ten days have passed since the Entry of Default.  During that time, the referenced misunderstanding was clarified and local counsel was obtained.

In order to properly respond to the Complaint, Home Depot is in need of an extension of time.  Since Defendants have common interests, it is anticipated that they will have similar if not identical defenses and responses to the allegations in the Complaint.  Defendants may very well file a joint response.  Therefore, Defendants' responses to the Complaint should be due on the same date.  Plaintiff requested waiver of service from Iron Bridge and pursuant to the waiver, Iron Bridge's response to the Complaint is due on March 28, 2011.  *See* Dkt. Nos. 6 & 7.  Accordingly, Home Depot requests that it be afforded until March 28, 2011 to file its response to the Complaint.

Plaintiff will not be prejudiced if default is vacated or if the requested extension of time is granted.  Because it is anticipated that Defendants will have similar defenses, Plaintiff's position will not be altered by receiving Home Depot's response to the Complaint on the day it agreed to receive Iron Bridge's response pursuant to the Waiver of Service.

### III.   Conclusion

For the reasons set forth above, Defendant The Home Depot, Inc. respectfully requests that the Court vacate the Entry of Default and grant it an extension of time until March 28, 2011 to file its response to the Complaint.

Dated: March 11, 2011						Respectfully submitted,

                                                           /s/

Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia  22031
(703) 218-2125 (direct)
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of March, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

>Michael C. Whitticar, Esq.
>NOVA IP Law, PLLC
>10900 University Boulevard, MS 1J2
>Manassas, VA 20110
>Telephone:  571-334-2671
>Facsimile:  703-993-8631
>E-Mail:  novaiplaw@gmail.com

>                /s/
>Jonathan D. Frieden, Esquire (VSB No. 41452)
>Stephen A. Cobb, Esquire (VSB No. 75876)
>ODIN, FELDMAN & PITTLEMAN, P.C.
>9302 Lee Highway, Suite 1100
>Fairfax, Virginia  22031
>(703) 218-2125 (direct)
>(703) 218-2160 (facsimile)
>jonathan.frieden@ofplaw.com
>stephen.cobb@ofplaw.com

#1367811v1