IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ELEMENTAL TOOLS, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>IRON BRIDGE TOOLS, INC., and<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendants. | Re:  Case No. 1:11-cv-00030-AJT-TRJ<br><br>**JURY TRIAL DEMANDED** |

**ELEMENTAL'S MOTION TO STRIKE HOME DEPOT'S REPLY BRIEF IN SUPPORT OF THE MOTION TO SET ASIDE DEFAULT AND ITS SUPPORTING DECLARATIONS AND EXHIBITS**

Plaintiff Elemental Tools, LLC ("Elemental") respectfully submits this motion to strike the new declarations, facts, evidence, arguments, and other matter improperly interposed by Defendant Home Depot U.S.A., Inc. ("Home Depot") for the first time in its reply brief.

1. The memorandum in support of the motion for relief from default filed by Home Depot's parent company was three pages long, included no declarations, affidavits or exhibits, set forth no facts showing a meritorious defense, and set forth no specific facts explaining why Home Depot failed to timely answer Elemental's complaint.

2. By contrast, Home Depot's reply memorandum in support of the same motion is 19 pages long, and includes four declarations and ten exhibits comprised of scores of pages that were not served with nor even mentioned in its parent company's opening motion to set aside

default or in its parent company's supporting memorandum. Those declarations and exhibits constitute a belated and unsuccessful effort by Home Depot to "brick up" wide and apparent gaps in its parent company's initial memorandum and motion, including their failure to identify any meritorious defense, their failure to identify facts supporting any meritorious defense, and their failure to specify any facts showing excusable neglect.

3. Home Depot even makes the quite incredible assertion, for the first time on Reply (p. 6), that after corresponding about the Barber '372 Patent and the parties' related carabiner/knife products for almost two years, and after having been sent several copies of it, Home Depot somehow believes that Elemental's complaint is based on a waveguide polarization filter patent.[1]

4. The four declarations improperly submitted on reply were not served with the parent company's initial motion to set aside the default, even though they all address matters that Home Depot knew or should have known needed to be addressed in that motion. These declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for reply. The scope of the new evidence is too extensive to remedy by merely allowing supplemental briefing.

5. The same is true of the other exhibits and facts which Home Depot belatedly and improperly filed for the first time with its reply memorandum. Reply briefs and potential sur-reply briefs are not the appropriate vehicles for arguing complex matters such as patent infringement and invalidity. Therefore, Home Depot's reply in support of its parent company's

---

[1] If Home Depot truly holds this belief, then it is indicative of the complete detachment and disinterest which it demonstrated towards its own defense and towards its obligations to Elemental and the Court at all times prior to filing its Reply Memorandum.

motion to set aside the default is due to be stricken, together with the supporting affidavits and exhibits.

6.     Federal court patent litigation among sophisticated commercial parties is not baseball, and there is no "three strikes" rule. Home Depot failed to file its answer on time because the supplier who repeatedly had agreed to defend it simply failed to do so. The supplier and Home Depot both subsequently failed to file a properly supported motion to set aside the default. There is no third bite at the apple, and the new facts, declarations, arguments and other matter improperly submitted on reply are due to be stricken. The default should be maintained. A hearing on *ex parte* proof of damages should be scheduled, and Elemental should be granted expedited damages discovery. The supplier is due to incur the natural and probable consequences of its failure to meet is contractual obligation to indemnify and defend Home Depot, which itself will suffer no prejudice.

WHEREFORE, Elemental respectfully requests the Court to strike Home Depot's reply memorandum and the accompanying declarations and exhibits. In the event that the Court decides not to strike Home Depot's reply and related materials, Elemental should be granted leave the file a sur-reply to correct the many incorrect and misleading statements in Home Depot's reply and in the supporting declarations that should have been submitted with its parent company's initial motion to set aside the default.

Dated:  April 8, 2011

                                          Respectfully submitted,

                                          Elemental Tools, L.L.C.

                                          By Counsel

                                          __/s/  Michael C. Whitticar_____
                                          Michael C. Whitticar (VSB No. 32968)
                                          NOVA IP Law, PLLC
                                          10900 University Boulevard, MS 1J2
                                          Manassas, Virginia 20110
                                          Telephone:  571-334-2671
                                          Facsimile:  703-993-8631
                                          Email:  novaiplaw@gmail.com
                                          *Attorney  for  Plaintiff  Elemental  Tools,  L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2011, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, and that I am serving a true and correct copy of same on the following attorneys of record for Defendants Iron Bridge Tools, Inc. and Home Depot U.S.A., Inc. via U.S. mail, postage prepaid, and properly addressed to:

Tara Lee
Ryan C. Berry
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone: 703.773.4000
Facsimile: 703.773.5000
Ryan.Berry@dlapiper.com
Tara.Lee@dlapiper.com


Nicholas G. Papastavros
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: 617.406.6000
Nick.Papastavros@dlapiper.com
*Attorneys for Defendant Home Depot U.S.A., Inc.*


John C. Carey, Esq.
Carey, Rodriguez, Greenberg & Paul
1395 Brickell Avenue, Suite 700
Miami, Florida, 33131
*Attorney for Defendant Iron Bridge Tools, Inc.*

Jonathan D. Frieden, Esquire
Stephen A. Cobb, Esquire
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
(703) 218-2125 (direct)
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com
*Attorneys for Defendant Iron Bridge Tools, Inc.*

　　　/s/ Michael C. Whitticar
Michael C. Whitticar (VSB No. 32968)
NOVA IP Law, PLLC
10900 University Boulevard, MS 1J2
Manassas, Virginia 20110
Telephone: 571-334-2671
Facsimile: 703-993-8631
Email: novaiplaw@gmail.com

*Attorney for Plaintiff Elemental Tools, L.L.C.*