**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| ELEMENTAL TOOLS, L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>IRON BRIDGE TOOLS, INC. and<br>HOME DEPOT U.S.A., INC.,<br><br>        Defendants. | CIVIL ACTION NO. 1:11cv30 (AJT/TRJ) |

**HOME DEPOT U.S.A., INC.'S OPPOSITION TO
PLAINTIFF ELEMENTAL TOOLS' MOTION TO STRIKE**

Apparently recognizing the futility in trying to respond substantively to the arguments raised in Home Depot U.S.A., Inc.'s ("Home Depot") Reply Brief in Support of its Motion to Set Aside Default and the accompanying declarations and exhibits ("Reply Brief"), Plaintiff Elemental Tools, L.L.C. ("Plaintiff" or "Elemental") has resorted to the procedural mechanism of moving to strike the Reply Brief *in its entirety*. *See* Plaintiff's Motion to Strike ("Motion") at 3. As set forth in detail below, this Motion should be denied for several compelling reasons:

- Home Depot's Reply Brief responds to and rebuts the arguments raised in Elemental's Opposition to the Motion to Set Aside Default ("Opposition"), and is accordingly entirely appropriate under local precedent;

- There is no evidence that the default was a result of any neglect on the part of Home Depot, and Home Depot should not be penalized for the misunderstanding and/or omissions of its predecessor counsel that were committed without bad faith or malicious intent; and

- Elemental failed to meet and confer with Home Depot prior to filing the Motion to Strike and, thus, the motion is procedurally defective on its own.

**ARGUMENT**

1.  **Home Depot's Reply, Declarations, and Exhibits Respond to and Rebut the Arguments Raised by Plaintiff's Opposition to the Motion to Set Aside Default.**

Citing one Western District of Washington case, Elemental makes the unfounded claim that the Reply Brief and related materials should be struck *in their entirety* because the "new evidence" submitted was inappropriate and the scope was too extensive. *See* Motion at 3. Elemental ignores well-established authority from this District and elsewhere that evidence submitted to *rebut allegations set forth in an opposition* is indisputably appropriate.

In *Ilozor v. Hampton University*, 2007 WL 1310179, at *13 (E.D. Va. May 3, 2007), for example, plaintiff moved to strike new matters raised in the defendant's reply memorandum filed in support of summary judgment, contending that raising such matters would be a "violation of a well-accepted and undisputed rule in federal motions practice." *Id*. The plaintiff identified declarations of four professors, a secretary, and one other individual as constituting "new evidence" and stated that they should be stricken because they were submitted to "fix" evidentiary deficiencies and bolster previously submitted evidence. *Id*. Judge Friedman disagreed, stating that the declarations were appropriate because they were intended to rebut and respond to plaintiff's allegations. *Id*. "[D]efendant submitted these declarations in an effort to demonstrate to the court that the plaintiff's claims of hearsay were groundless. Therefore, they should not be stricken as improperly submitted 'new evidence'." *Id.; accord DNT, LLC v. Sprint Spectrum, L.P., et al.*, __ F.Supp.2d __, 2010 WL 3430528, at *11-12 (E.D. Va. Aug 30, 2010); *SEC v. Symbol Technologies, Inc.*, 2010 WL 744359 (E.D.N.Y. Feb. 25, 2010); *Baugh v. City of Milwaukee,* 823 F.Supp. 1452, 1457 (E.D. Wis. 1993) (reply affidavits should not be stricken where they respond to matters placed in issue by the opposition brief).

Here, Elemental raised the following issues in its Opposition:

- Home Depot has failed to "affirmatively assert" a meritorious defense, or proffer evidence supporting a meritorious defense (Opposition at 2-3);

- Home Depot's neglect is "inexcusable," and Home Depot has exhibited "continuing detachment" since receiving a demand letter in 2009 (*see* Opposition at 4); and

- Home Depot has "simply stone-walled and given Elemental the stiff-arm" for two years (*see* Opposition at 5).

*Each* of the Declarations submitted by Home Depot and the related arguments set forth in its Reply Brief specifically rebuts Elemental's accusations. For instance, the Declarations of Danilo Delarosa and Glenn Robinson rebut Elemental's claim regarding the absence of a meritorious defense, identifying a key noninfringement argument (that in fact Iron Bridge and Home Depot first asserted in response to Elemental's original demand letter *two years ago* and have maintained to the present) and identifying the Request for *Ex Parte* Reexamination submitted to the U.S. Patent and Trademark Office ("USPTO") which includes multiple pieces of prior art that invalidates one of the patents in question, U.S. Patent No. 6,223,372 (the " '372 Patent"). The Delarosa Declaration further identifies that Iron Bridge and Home Depot responded promptly in 2009 upon first being accused of infringement, and that Elemental delayed for *nearly one full year* in raising the issue again. In this same vein, the Declaration of Nicholas Papastavros submits documents from the USPTO which demonstrate (i) a material question regarding ownership of the '372 Patent and Elemental's standing to sue, and (ii) the potential application of a prosecution history estoppel argument for the defense.[1] And the Declaration of

---

[1] Elemental raises concern about the "amount of new evidence" and states that "[r]eply briefs and surreply briefs are not the appropriate vehicles for arguing complex matters such as patent infringement and invalidity." Motion at 2. But this is an issue of Home Depot's default, not an argument on the merits, and the primary concern is only "whether there is *some possibility* that the outcome … after a full trial will be contrary to the result achieved by default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (emphasis added). It is unnecessary and impractical to fully vet the issues at this juncture and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

Komal Patel, Home Depot's in-house counsel, squarely addresses Plaintiff's "inexcusable neglect"[2] and "stone walling/foot dragging" contentions, establishing through a timeline that Home Depot promptly confirmed after receipt of the Complaint in this case that Iron Bridge's counsel would be handling this case on its behalf, and that Home Depot followed up immediately when it first learned of the entry of default.

2. **There is No Evidence of Neglect on Home Depot's Part, and Home Depot Should Not be Penalized for the Mistake or Misunderstanding of its Outside Counsel.**

As Home Depot explained in great detail in its Reply Brief, the innocent misunderstanding and omissions on the part of Home Depot's prior outside counsel which ultimately led to its failure to respond to the Plaintiff's Complaint and submit all evidence in its opening Motion to Set Aside Default is excusable and is not indicative of any neglect on Home Depot's part. *See* Reply Brief at 14-17 and the accompanying Declaration of Komal Patel. Under Fourth Circuit jurisprudence, the type of misunderstanding such as that presented in this case *is not* inexcusable, and a party should not be made to pay for its attorney's errors by a default judgment. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987); *accord H. Mayberry v. Cedarfield Corp.*, No. 3:10-cv-720, 2011 WL 838894, at *3 (E.D. Va. Mar. 3, 2011) (assumption that long-time corporate counsel would represent it in the litigation in question did not amount to "bad faith or malicious intent";  motion to set aside default granted since defendant contacted attorney regarding the action upon finding out about the default being entered).

---

[2] The "inexcusable neglect" standard advocated by Plaintiff does not apply here because it is a factor to be considered in setting aside a **default judgment** under Federal Rule of Civil Procedure 60(b), rather than under Rule 55(c) where the court is asked to set aside a Clerk's entry of default.  Instead, a relevant factor under Rule 55(c) is whether the defaulting party acted with "reasonable promptness" upon discovery of the entry of default, among others.  *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *Turpin v. Wellpoint Co., Inc.*, No. 10-cv-850, 2011 WL 1086482, at *1 (E.D. Va. Mar. 23, 2011).

Elemental would have this Court permanently disqualify Home Depot even though it acted with considerably *more* diligence than parties in other cases in which this Court has set aside defaults, such as *Mayberry*. *See* Reply Brief at 14-17.  As the Declaration of Komal Patel submitted with the Reply Brief evidences, Home Depot at all times acted in accordance with its reasonable belief that an appropriate defense was being furnished by the outside counsel hired by its indemnitor to defend this case, and acted with diligence and promptness to remedy the situation as soon as it learned of the default against it.  As set forth above, it is perfectly appropriate for Home Depot to submit declarations and additional evidence in its Reply Brief to rebut allegations put forth by Elemental -- but even assuming it was *not,* Home Depot should not be penalized by the actions of predecessor counsel, particularly given the strong preference in this Circuit that defaults be generally avoided and that "claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).

3.  **Plaintiff Failed To Meet And Confer With Home Depot Prior To Filing Its Motion To Strike.**

Local Civil Rule 7(E) provides, in relevant part:

Before endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer in person or by telephone with his or her opposing counsel in a good-faith effort to narrow the area of disagreement.

In this case, Elemental's counsel made no attempt to meet and confer with Home Depot's counsel prior to filing the instant motion and seeking a hearing as required under Rule 7(E), instead seeking to strike the *entirety* of the Reply Brief (inclusive of all Declarations) notwithstanding that, as noted above, it is geared toward rebutting allegations raised by

5

Elemental in its Opposition. Plaintiff's Motion to Strike is procedurally defective as a threshold matter, lending further support for the lifting of the default in this case.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Strike should be denied.

Dated: April 13, 2011                                  Respectfully submitted,

By: ___/s/_____
Tara M. Lee (Virginia Bar No. 71594)
Ryan C. Berry (Virginia Bar No. 67956)
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone:  703.773.4000
Facsimile:   703.773.5000
Ryan.Berry@dlapiper.com
Tara.Lee@dlapiper.com

Nicholas G. Papastavros (admitted *pro hac vice*)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone:  617.406.6000
Facsimile:   410.580.3001
Nick.Papastavros@dlapiper.com

*Attorneys for Defendant*
*HOME DEPOT U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Michael Christian Whitticar, Esq.
>NOVA IP Law PLLC
>10900 Univeristy Boulevard
>MS 1J2
>Manassas, VA 20110
>571-334-2671
>Fax: 703-993-8631
>Email: novaiplaw@gmail.com
>
>*Counsel for Plaintiff Elemental Tools, LLC*
>
>Stephen Andrew Cobb, Esq.
>Odin Feldman & Pittleman PC
>9302 Lee Highway
>Suite 1100
>Fairfax, VA 22031
>703-218-2100
>Fax: 703-218-2160
>Email: stephen.cobb@ofplaw.com
>
>*Counsel for Defendant Iron Bridge Tools, Inc.*

>/s/
>Tara M. Lee (Virginia Bar No. 71594)
>DLA PIPER LLP (US)
>1775 Wiehle Avenue, Suite 400
>Reston, Virginia 20190-5159
>Phone: (703) 773-4150
>Facsimile: (703) 773-5000
>tara.lee@dlapiper.com