IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ELEMENTAL TOOLS, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>IRON BRIDGE TOOLS, INC., and<br>HOME DEPOT U.S.A., INC.,<br><br>Defendants. | Re:  Case No. 1:11-cv-00030-AJT-TRJ<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF ELEMENTAL TOOLS' REPLY TO THE
COUNTERCLAIMS OF DEFENDANT IRON BRIDGE TOOLS, INC.**

COMES NOW plaintiff and counterclaim defendant Elemental Tools, L.L.C. ("Plaintiff" or "Elemental") and hereby files this Reply to the Counterclaims of Defendant Iron Bridge Tools, Inc. ("Defendant" or "Iron Bridge"):

**COUNTERCLAIM:**

1. Iron Bridge is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Deerfield Beach, Florida.

**REPLY:**

Elemental lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 1 of Iron Bridge's Counterclaim and therefore denies such allegations.

COUNTERCLAIM:

2. Iron Bridge designs, develops, imports, and markets several lines of hand tools, including a line of carabiner knives, which it sells to a national mass-retailer in the United States.

REPLY:

Elemental admits that only that "Iron Bridge designs, develops, imports, and markets several lines of hand tools." Elemental denies that Iron Bridge invented any carabiner knives and denies that Iron Bridge sells carabiner knives or any other relevant product line only to a single national mass-retailer.

COUNTERCLAIM:

3. Upon information and belief, Elemental is a limited liability company formed under the laws of the state of Virginia with its principal place of business in Richmond, Virginia.

ANSWER:

Elemental admits that it "is a limited liability company formed under the laws of the state of Virginia with its principal place of business in Richmond, Virginia."

COUNTERCLAIM:

4. Pursuant to 28 U.S.C. § 1338(a), this Court has federal question jurisdiction over this action, because the action arises under Title 35 of the United States Code relating to patents.

ANSWER:

Elemental admits that there is federal question jurisdiction over this action.

## COUNTERCLAIM:

5. Pursuant to 28 U.S.C. § 1332(a)(1), this Court also has jurisdiction over this action, based on diversity of citizenship between Iron Bridge and Elemental (located in Virginia), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REPLY:

Elemental admits that diversity jurisdiction exists.

## COUNTERCLAIM:

6. This is a declaratory action pursuant to 28 U.S.C. § 2201 and § 2002, as the Counter Plaintiff seeks a declaratory finding that its acts of importing, marketing, promoting and/or selling its carabiner knives does not constitute infringement under 35 U.S.C. § 271 of the '372 Patent or the '770 Patent.

## REPLY:

Elemental admits that Iron Bridge is attempting to assert a declaratory judgment action but denies that it has properly or adequately done so.

## COUNTERCLAIM:

7. This Court has jurisdiction over Elemental as Elemental is a Virginia limited liability company with its principal place of business in this District.

## REPLY:

Elemental admits that it is subject to the personal jurisdiction of this Court.

**COUNTERCLAIM:**

8.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**REPLY:**

Elemental admits that venue is proper in this district.

**COUNTERCLAIM:**

9.  Counter Plaintiff realleges and adopts paragraphs 1- 8 above.

**REPLY:**

Elemental incorporates by reference as though expressly set forth herein its Reply to Paragraphs 1 through 8 of Iron Bridge's Counterclaims.

**COUNTERCLAIM:**

10. An actual case or controversy exists between the Counter Plaintiff and Elemental concerning the non-infringement of the '372 Patent.

**REPLY:**

Denied.  Elemental has never asserted infringement of the "'372 Patent" as identified in Iron Bridge's Answer and Counterclaims.  Rather, as is and always has been clear from Elemental's complaint and the parties' prior correspondence, Elemental is asserting and always has asserted infringement of U.S. Patent No. 6,223,372, entitled "Combination Carabiner and Tool Device" issued on May 1, 2001 (the "Barber Utility Patent").  Answering further, any actual case and controversy is at issue through Elemental's Complaint and Iron Bridge's answer and defenses.  Therefore, Iron Bridge's Counterclaim is redundant, unnecessary and improper.

**COUNTERCLAIM:**

11.  Counter Plaintiff has not infringed and are [sic] not infringing any valid claim of the '372 Patent.

**ANSWER:**

With respect to the Barber Utility Patent, Elemental denies each and every allegation and averment stated in Paragraph 11 to Iron Bridge's Counterclaims. Answering further, Iron Bridge's products reflect only a minor tweak to the product depicted in the drawings contained in the Barber Utility Patent, the claims of which expressly cover the accused Iron Bridge products.

With respect to the '372 Patent as defined in Iron Bridge's answer and counterclaims, Elemental lacks information sufficient to admit or deny, and therefore denies, that Iron Bridge has not infringed that patent.

**COUNTERCLAIM:**

12.  Counter Plaintiff realleges and adopts paragraphs 1-8 above.

**REPLY:**

Elemental incorporates by reference as though expressly set forth herein its Reply to Paragraphs 1 through 8 of Iron Bridge's Counterclaim.

**COUNTERCLAIM**:

13. An actual case or controversy exists between the Counter Plaintiff and Elemental concerning the non-infringement of the '770 Patent.

**REPLY:**

Elemental admits only that an actual case and controversy, although not a *bona fide* case or controversy, exists between the Counter Plaintiff and Elemental concerning the infringement non-infringement of the '770 Patent. Answering further, any actual case and controversy is at issue through Elemental's Complaint and Iron Bridge's answer and defenses. Therefore, Iron Bridge's Counterclaim is redundant, unnecessary and improper.

**COUNTERCLAIM:**

14. Counter Plaintiff has not infringed and are [sic] not infringing any valid claim of the '770 Patent.

**REPLY:**

Elemental denies each and every allegation and averment stated in Paragraph 14 to Iron Bridge's Counterclaims. Answering further, Iron Bridge's products and design reflect only a minor tweak to the product depicted in the drawings contained in the Barber Design Patent.

**PRAYER FOR RELIEF:**

WHEREFORE, Counterclaim Plaintiff Iron Bridge Tools, Inc. requests the Court to enter Judgment in its favor and against Elemental with regard to the above counterclaims and:

(a) Declaratory judgment adjudging that the Counter Plaintiff's sales of carabiner knives does not infringe, and has not infringed, the '372 Patent or the '770 Patent; and
(b) Preliminary and permanent injunctions enjoining Elemental, its agents, representatives, employees and attorneys from asserting or threatening to assert against Counter Plaintiff or its customers or users any charge of infringement of the '372 Patent or the '770 Patent based on the sale of Counter Plaintiffs' carabiner knives;
(c) Dismissal of Elemental's claims with prejudice;
(d) An award of Counter Plaintiff's costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 incurred in connection with the institution and prosecution of this civil action; and
(e) For such other and further relief as this Court deems just and proper.

**REPLY:**

Elemental admits that Iron Bridge requests the relief stated in its Counterclaims, but denies that Iron Bridge is entitled to any such relief or any other relief.

## AFFIRMATIVE DEFENSES

1. **Failure To State a Claim.** Iron Bridge's Counterclaims are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) because they fail to state a claim upon which relief may be granted. Specifically, there is no adequate factual allegation of irreparable harm to support the claim for injunctive relief, no underlying tort or statutory violation is pled which would support a claim for injunctive relief, and the Counterclaims for declaratory judgment improperly duplicate the defenses and affirmative defenses pled in Iron Bridge's Answer and improperly combine requests for affirmative relief with requests for declaratory judgment.

2.   **Laches, Estoppel, Acquiscensce and Delay.**   Iron Bridge's Counterclaims are or may be barred by the equitable doctrines of laches, estoppel, acquiescense and delay.

## DEMAND FOR JURY TRIAL

Elemental Tools respectfully requests and demands trial by jury on all issues, claims and defenses so triable.

## NOTICE OF INTENTION TO FILE A THIRD PARTY COMPLAINT OR AMENDED COMPLAINT CHALLENGING THE IBT HOLDINGS, INC. DESIGN PATENT

On Friday, April 15, 2011, Iron Bridge agreed in writing to a two week extension for Elemental to file its Reply to Iron Bridge's Counterclaims. As of the time of this filing, neither Iron Bridge nor Home Depot U.S.A., Inc. has signed and returned the proposed consent order reflecting that agreement. Therefore, Elemental is filing this Reply and notifying the Defendant and the Court that it intends to, and reserves the right to, file an appropriate motion seeking permission to file an amended complaint, third party complaint, or separate action to invalidate the carainber/utility knife design patent assigned to by Iron Bridge or its parent company, specifically United States Design Patent US D622,574 S, entitled "Carbineer With Utility Knife" and issued on August 31, 2010.

Respectfully Submitted This 18th Day of April, 2011.

Elemental Tools, L.L.C.
By Counsel

  /s/  Michael C. Whitticar
Michael C. Whitticar (VSB No. 32968)
NOVA IP Law, PLLC
10900 University Boulevard, MS 1J2
Manassas, Virginia 20110
Telephone:  571-334-2671
Facsimile:  703-993-8631
Email:  novaiplaw@gmail.com
*Attorney for Plaintiff Elemental Tools, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, I electronically filed the foregoing Plaintiff Elemental Tools, LLC's Reply to the Counterclaims of Defendant Iron Bridge Tools, Inc. with the Clerk of Court using the CM/ECF system, and that I am serving a true and correct copy of same on the following attorneys of record for Defendants Iron Bridge Tools, Inc. and Home Depot U.S.A., Inc. through the CM/ECF system:

Stephen A. Cobb, Esq.
Jonathan D. Frieden, Esq.
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
703-218-2100
Fax:  703-218-2160
Email:  Stephen.cobb@ofplaw.com
           jonathan.frieden@ofplaw.com
*Counsel for Defendant Iron Bridge Tools, Inc.*

Tara Lee, Esq.
Ryan C. Berry, Esq.
DLA PIPER LLP
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
703-773-4000
Fax:  703-773-5000
Email:  Tara.lee@dlapiper.com
           Ryan.berry@dlapiper.com
*Counsel for Defendant Home Depot U.S.A., Inc.*

　　/s/ Michael C. Whitticar
Michael C. Whitticar (VSB No. 32968)
NOVA IP Law, PLLC
10900 University Boulevard, MS 1J2
Manassas, Virginia 20110
Telephone:  571-334-2671
Facsimile:  703-993-8631
Email:  novaiplaw@gmail.com

*Attorney for Plaintiff Elemental Tools, L.L.C.*