**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| **ELEMENTAL TOOLS, L.L.C.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **IRON BRIDGE TOOLS, INC., and HOME DEPOT U.S.A., INC.,** <br> **Defendants.** | Re:  Case No.  **1:11-cv-00030-AJT-TRJ** <br><br> **JURY TRIAL DEMANDED** |

**JOINT DISCOVERY PLAN AND PRE-TRIAL SCHEDULING ORDER**

Pursuant to this Court's Scheduling Order and Fed. R. Civ. P. 16(b), counsel for the Plaintiff, Elemental Tools, L.L.C. ("Elemental") and counsel for the Defendants Iron Bridge Tools, Inc. ("Iron Bridge") and Home Depot U.S.A., Inc. ("Home Depot") met and conferred regarding a discovery and case schedule on April 27, 2011, and they now present this Joint Discovery Plan and Pre-Trial Scheduling Order.

**PROPOSED DISCOVERY PLAN**

1. **Nature of Claims and Defenses**

    The parties discussed the nature and basis of their claims and defenses.

2. **Case Schedule**

    The parties propose the following respective case schedules.

| EVENT | HOME DEPOT AND IRON BRIDGE | ELEMENTAL |
|---|---|---|
| Deadline for amendments to Pleadings (w/o leave) | June 16, 2011 | Same |
| Complete meet and confer to narrow list of claim terms to be construed | June 6, 2011 | Same |
| List of claim terms with proposed constructions | June 15, 2011 | Same |
| Initial claim construction brief (both parties) | June 30, 2011 | Same |
| Responsive claims construction brief (both parties) | July 13, 2011 | Same |
| Claim construction hearing | July 22, 2011 | Same |
| Settlement Conference | On or before first week of August 2011 | Same |
| Disclosure of expert reports: Proponent | August 3, 2011 | Same |
| Disclosure of expert reports: Respondent | August 24, 2011 | Same |
| Dispositive motions deadline | September 23, 2011 | Same |
| Discovery cutoff | September 9, 2011 | Same |
| Final Pretrial Conference | September 15, 2011 | Same |
| Trial | TBD | Same |

**3. Other Matters**

**1. Modifications to Limitations on Discovery Imposed by the Scheduling Order:**

None.

**2. Material Factual and Legal Issues on the Merits to be Resolved at Trial**

a. The proper construction of the claims of the Barber Utility Patent (U.S. Patent No. 6,223,372) and Barber Design Patent (U.S. Patent No. D484,770);

b. Whether Defendants infringe any of the claims of the Barber Patents;

c. Whether the claims of the Barber Patents are valid;

d. The standing of Elemental to bring claims of patent infringement;

  e. Any other issues raised in the pleadings;

  f. The amount of Elemental's damages arising from any infringement of the Barber Patents; and,

  g. Whether Elemental is entitled to multiple damages or attorneys' fees.

**4. Possibility of Simplifying the Issues**

Iron Bridge has requested Patent Office reexamination of the patent-in-suit and anticipates filing a motion to stay this case pending the reexamination process.

Elemental expects to oppose any such motion to stay.

The parties are agreeable to a pre-trial settlement conference before a United States Magistrate Judge, and the parties will discuss appropriate stipulations.

**5. Necessity and Desirability of Advance Rulings on Evidence**

The parties will attempt to bring to the Court's attention, at the earliest possible time, any issues relating to the admissibility of evidence on which an advance ruling would be helpful. The parties will seek rulings with respect to disputed evidence by motions in limine to the extent feasible and appropriate.

**6. Need to Limit Use of Testimony under Fed. R. Evid. 702**

It is not known at this time whether either party will seek to limit expert testimony under Rule 702.  The parties may bring pretrial motions following the disclosure of expert opinions if necessary and appropriate.

**7. Identity of Any New Parties**

Elemental is currently unaware of additional necessary parties.  As stated in paragraph 3(2)(d) above, the Defendants contend that Elemental may not have standing to assert its claims of infringement and, therefore, another party may have the rights to assert such claims.

Consequently, the parties may require discovery to identify whether all the appropriate parties are or are not part of this action.

### 8. Description of Any Pleading Amendments

While the parties do not anticipate at this time that they will file any amended pleadings, the parties agree that amended pleadings may be filed without leave of court until June 16, 2011.

### 9. Estimated Length of Time Required for Trial

The parties believe that this case can be tried to a jury in five days or one week.

### 10. Settlement Discussion/ADR Plans

All parties are agreeable to an early settlement conference before a Magistrate Judge of this Court or mediation.

### 11. Limitations

The parties agree that discovery need not be conducted in phases or be limited to or focused on particular issues. The parties shall conduct discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Court's April 5, 2011 Order. Interrogatories, document requests, and requests for admission shall be served in sufficient time to allow a response prior to the discovery cutoff date. Each Party may serve on any other party no more than 30 interrogatories, including parts and subparts, without leave of the Court, as set forth in the Court's April 5, 2011 Order. The parties agree that each party may take 5 non-party, non-expert witness depositions and that in the event of dismissal of any one defendant, each party maintains the right to take 5 non-party depositions.

### 12. Trial Before Magistrate Judge

At this time, the parties do not agree to the assignment of this case for trial to a magistrate judge.

**13. Protective Order**

The parties anticipate that information and documents relating to legitimate business interests and other non-public, personal, competitively sensitive, proprietary, trade secret or confidential business information may be sought, produced, or exhibited by and among the parties and third-parties during this litigation.  Inappropriate use or public disclosure of such confidential and proprietary information would be detrimental to the parties as the information could be used to obtain an unfair business advantage and gain a competitive edge.  Accordingly, the parties believe that a protective order under Federal Rule of Civil Procedure 26(c) is appropriate in this case.  The parties will draft a stipulated protective order and submit to the Court for consideration.

**14. Preservation of Discoverable Information**

Counsel represent that they have made their respective clients aware of their obligations regarding preservation of discoverable information.

**15. Electronic Discovery**

The parties acknowledge that requests for discovery of ESI in this case will present a number of challenges and agree to cooperate and work together in good faith to accomplish discovery in a scope and manner consistent with the Federal Rules of Civil Procedure.  Subject to any relief afforded by the Federal Rules of Civil Procedure, the parties agree to produce responsive ESI as searchable TIF or searchable PDF images, with a Bates number or other unique identifier applied to each CD, disk or image or page prior to production.  The parties agree to produce responsive ESI in the electronic formats specified above and exchange such files electronically (*i.e.* email or FTP), on CD/DVD data discs, or by similar means, rather than

exchanging paper documents initially, unless paper documents are specifically requested. However, paper documents shall also be produced upon request of the party taking the discovery.

**16. Privilege**

The parties will adhere to the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) with respect to privileged information. The parties' agreement in this regard will be memorialized in the parties' proposed stipulated protective order, which will be submitted to the Court.

**17. Rule 26(f)**

All items required to be discussed by Federal Rule of Civil Procedure 26(f) were discussed.

**18. Electronic Service and Electronic Copies**

(i)    Electronic Service

The parties consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful and that copy is sent by regular mail. The parties agree to e-mail all discovery, motions and pleadings and other papers served in this case of filed with the Court to opposing counsel.

Service on Home Depot will be made to at least the following counsel:

> Nicholas G. Papastavros
> Sonia Cho
> Melissa A. Reinckens
> Ryan C. Berry

Service on Iron Bridge will be made to at least the following counsel:

>John Carey
>Jonathan D. Frieden

Service on Elemental will be made to at least the following counsel:

>Michael C. Whitticar

(ii)   Electronic Copies

The parties agree that copies of all written discovery requests shall be provided and/or served electronically in editable form (MS Word) and that copies of any proposed findings of fact or conclusions of law shall be provided and/or served electronically.

Dated:  April 27, 2011.

>Elemental Tools, L.L.C.
>By Counsel
>
>  /s/  Michael C. Whitticar
>Michael C. Whitticar (VSB No. 32968)
>NOVA IP Law, PLLC
>10900 University Boulevard, MS 1J2
>Manassas, Virginia 20110
>Telephone:  571-334-2671
>Facsimile:  703-993-8631
>Email:  novaiplaw@gmail.com
>*Attorney for Plaintiff Elemental Tools, L.L.C.*

Home Depot U.S.A., Inc.
By Counsel

\_\_/s/ Tara Lee_____
Tara Lee, Esq. (VSB No. 71594)
Ryan C. Berry, Esq. (VSB No. 67956)
DLA PIPER LLP (US)
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Telephone:  703-773-4000
Fax:  703-773-5000
Email:  Tara.lee@dlapiper.com
Ryan.berry@dlapiper.com
*Counsel for Defendant Home Depot U.S.A., Inc.*


Iron Bridge Tools, Inc.
By Counsel


\_\_/s/ Stephen A. Cobb_____
Stephen A. Cobb, Esq. (VSB No. 75876)
Jonathan D. Frieden, Esq. (VSB No. 41452)
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
Telephone:  703-218-2100
Fax: 703-218-2160
Email:  Stephen.cobb@ofplaw.com
jonathan.frieden@ofplaw.com
*Counsel for Defendant Iron Bridge Tools, Inc.*


John C. Carey, Esq.
Carey, Rodriguez, Greenberg & Paul
1395 Brickell Avenue, Suite 700
Miami, Florida, 33131
*Counsel for Defendant Iron Bridge Tools, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of April, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Michael C. Whitticar, Esq.
        NOVA IP Law, PLLC
        10900 University Boulevard, MS 1J2
        Manassas, Virginia 20110
        Telephone:  571-334-2671
        Facsimile:  703-993-8631
        Email:  novaiplaw@gmail.com

        *Counsel for Plaintiff Elemental Tools, L.L.C.*

        Stephen A. Cobb, Esq.
        Jonathan D. Frieden, Esq.
        ODIN, FELDMAN & PITTLEMAN, P.C.
        9302 Lee Highway, Suite 1100
        Fairfax, Virginia 22031
        Telephone:  703-218-2100
        Fax:  703-218-2160
        Email:  Stephen.cobb@ofplaw.com
        Email:  Jonathan.frieden@ofplaw.com

        *Counsel for Defendant Iron Bridge Tools, Inc.*

          __/s/ Tara Lee_____
          Tara Lee, Esq.
          Virginia Bar No. 71594
          DLA PIPER LLP (US)
          1775 Wiehle Avenue, Suite 400
          Reston, Virginia 20190
          Telephone:  703-773-4150
          Fax:  703-773-5150
          Email:  Tara.lee@dlapiper.com